UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                            Case No. 18-cv-13480
                                                        Honorable Linda V. Parker

JOHN DOE, *subscriber assigned IP address 108.244.197.66*,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

On November 7, 2018, Plaintiff Malibu Media, LLC ("Plaintiff") filed this lawsuit against an unknown individual alleging that the individual infringed Plaintiff's copyrights when the individual downloaded, copied and distributed Plaintiff's copyrighted movies. (ECF No. 1.) Presently before the Court is Plaintiff's Motion for Leave to File a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed November 7, 2018. (ECF No. 2.) Plaintiff filed the motion seeking to serve a third-party subpoena on Defendant's Internet Service Provider ("ISP") AT&T Internet Services in order to identify the individual associated with the Internet Protocol ("IP") address from which the alleged infringing conduct was

committed. (*Id*. at PgID 21-22.) For the reasons that follow, the Court grants Plaintiff's motion with certain conditions imposed.

Plaintiff operates a subscription-based website. (*Id*. at PgID 21.) Plaintiff claims the unknown individual's IP address has been habitually used to infringe Plaintiff's copyrighted works. (*Id*.) Plaintiff asserts it used geolocation technology to determine the IP address being used by the individual conducting the alleged infringing activity and determined that the individual was using the internet systems of AT&T Internet Services. (*Id*. at PgID 40; ECF No. 1 at PgID 2.)

Federal Rule of Civil Procedure 26(d)(1) prohibits the propounding of discovery prior to a Rule 26(f) conference, except in limited circumstances not applicable here or when authorized by court order. A number of courts have applied a "good cause" standard to determine whether such discovery should be authorized. *See, e.g.*, *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008). In copyright infringement cases like the present one, courts routinely find good cause to permit discovery in advance of a Rule 26(f) conference to identify the defendants where: (1) the plaintiff makes a *prima facie* showing of a copyright infringement claim; (2) the plaintiff submits a specific discovery request; (3) the information sought is limited in scope and not available through alternative means; (4) there is a central need for the subpoenaed

information; and (5) there is a minimal expectation of privacy on the part of the defendant. *See Arista Records, LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *Arista Records LLC*, 551 F. Supp. at 6–7.

Plaintiff establishes that "good cause" exists for it to serve a third-party subpoena on AT&T Internet Services in advance of a Rule 26(f) conference. Plaintiff makes a *prima facie* showing of a claim of copyright infringement, submits a specific discovery request, establishes that there are no alternative means to obtain the information that its seeks through the discovery, establishes a central need for the information, and Defendant has a minimal expectation of privacy. It is clear to the Court that Defendant must be identified before this suit can progress further.

For these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File a Third-Party Subpoena Prior to a Rule 26(f) Conference, **with certain limitations outlined herein**:

1. Plaintiff may serve immediate discovery on AT&T Internet Services to obtain the identity of the Defendant Doe by serving a Rule 45 subpoena that seeks information sufficient to identify the Defendant, including the individual's name and current (and permanent) addresses. Disclosure of the information requested is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court.

2. Plaintiff shall attach a copy of this Opinion and Order to the subpoena that it issues.

3. Any information disclosed to Plaintiff in response to the Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.

4. If and when AT&T Internet Services is served with a subpoena, it shall give written notice, which may include e-mail notice, to the subscriber in question within seven (7) days of service of the subpoena. If AT&T Internet Services and/or Defendant wants to file a motion in response to the subpoena, the party must do so before the return date of the subpoena, which shall not be less than thirty (30) days from the date of such written notice.

5. AT&T Internet Services shall not produce the information requested before the return date of the subpoena or the resolution of any timely filed motion challenging the subpoena, whichever occurs later.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 13, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager